UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JULIA YEPEZ, | : | 12-cv-4459 (CBA)(RER) |
| | : | |
| Plaintiff, | : | **ANSWER AND** |
| | : | **AFFIRMATIVE DEFENSES** |
| v. | : | |
| | : | |
| LIVLONG PROPERTIES, LP and | : | |
| BARCLAY SCHOOL SUPPLIES, INC., | : | |
| | : | |
| Defendants. | : | |

Defendants LivLong Properties, LP and Barclay School Supplies, Inc., by their attorneys, Cozen O'Connor, respond to the Complaint as follows:

1.      Deny the allegations contained in Paragraph 1 of the Complaint except admit that plaintiff purports to bring this action under Title III of the Civil Rights Act and to assert state law claims and to seek the relief requested in Paragraph 1.

2.      Deny the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter but deny that they violated any provision of Title III of the Americans with Disabilities Act, 42 U.S.C. 12188 et seq. (the "ADA") or New York State and City laws.

4.      The allegations in Paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the premises which are the subject matter of this action are located in this district and deny the remainder of the allegations contained in Paragraph 4.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Admit the allegations contained in Paragraph 7 of the Complaint.

8.      Admit the allegations contained in Paragraph 8 of the Complaint.

9.      Admit the allegations contained in Paragraph 9 of the Complaint.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required.

12.     The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which no response is required.

13.     Deny the allegations contained in Paragraph 13 of the Complaint.

14.     Deny the allegations contained in Paragraph 14 of the Complaint.

15.     Admit the allegations contained in Paragraph 15 of the Complaint.

16.     Admit the allegations contained in Paragraph 16 of the Complaint.

17.     Admit the allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint are legal conclusions to which no response is required.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Deny the allegations contained in Paragraph 20 of the Complaint.

21.     Deny the allegations contained in Paragraph 21 of the Complaint.

22.     Deny the allegations contained in Paragraph 22 of the Complaint.

23.     Deny the allegations contained in Paragraph 23 of the Complaint.

24.     Deny the allegations contained in Paragraph 24 of the Complaint and each of its subparts.

25.     Deny the allegations contained in Paragraph 25 of the Complaint.

26.     Deny the allegations contained in Paragraph 26 of the Complaint.

NEWYORK_DOWNTOWN\250564713

27.     Deny the allegations contained in Paragraph 27 of the Complaint.

28.     Deny the allegations contained in Paragraph 28 of the Complaint.

29.     Deny the allegations contained in Paragraph 29 of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     With respect to Paragraph 32 of the Complaint, Defendants repeat and reallege the foregoing responses as if fully set forth herein.

33.     Deny the allegations contained in Paragraph 33 of the Complaint.

34.     Deny the allegations contained in Paragraph 34 of the Complaint.

35.     Deny the allegations contained in Paragraph 35 of the Complaint.

36.     Deny the allegations contained in Paragraph 36 of the Complaint.

37.     Deny the allegations contained in Paragraph 37 of the Complaint.

38.     Deny the allegations contained in Paragraph 38 of the Complaint.

39.     Deny the allegations contained in Paragraph 39 of the Complaint.

40.     Deny the allegations contained in Paragraph 40 of the Complaint.

41.     Deny the allegations contained in Paragraph 41 of the Complaint.

42.     Deny the allegations contained in Paragraph 42 of the Complaint.

43.     Deny the allegations contained in Paragraph 43 of the Complaint.

44.     Deny that plaintiff is entitled to any relief requested.

45.     With respect to Paragraph 45 of the Complaint, Defendants repeat and reallege the foregoing responses as if fully set forth herein.

46.     The allegations contained in Paragraph 46 of the Complaint are legal conclusions to which no response is required.

47.     The allegations contained in Paragraph 47 of the Complaint are legal conclusions to which no response is required.

48.     Deny the allegations contained in Paragraph 48 of the Complaint.

49.     Deny the allegations contained in Paragraph 49 of the Complaint.

50.     Deny the allegations contained in Paragraph 50 of the Complaint.

51.     Deny the allegations contained in Paragraph 51 of the Complaint.

52.     Deny the allegations contained in Paragraph 52 of the Complaint.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny the allegations contained in Paragraph 54 of the Complaint.

55.     Deny the allegations contained in Paragraph 55 of the Complaint.

56.     Deny the allegations contained in Paragraph 56 of the Complaint.

57.     Deny the allegations contained in Paragraph 57 of the Complaint.

58.     The allegations contained in Paragraph 58 of the Complaint are legal conclusions to which no response is required.

59.     Deny the allegations contained in Paragraph 59 of the Complaint.

60.     Deny the allegations contained in Paragraph 60 of the Complaint.

61.     With respect to Paragraph 61 of the Complaint, Defendants repeat and reallege the foregoing responses as if fully set forth herein.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Deny the allegations contained in Paragraph 63 of the Complaint.

64.     Deny the allegations contained in Paragraph 64 of the Complaint.

65.     Deny the allegations contained in Paragraph 65 of the Complaint.

66.     Deny the allegations contained in Paragraph 66 of the Complaint.

67.     Deny the allegations contained in Paragraph 67 of the Complaint and affirmatively aver that the subject premises are ADA-complaint and fully accessible.

68.     Deny the allegations contained in Paragraph 68 of the Complaint and affirmatively aver that the subject premises are ADA-complaint and fully accessible.

69.     Deny the allegations contained in Paragraph 69 of the Complaint.

NEWYORK_DOWNTOWN\2505647\3

70.    Deny the allegations contained in Paragraph 70 of the Complaint.

71.    With respect to Paragraph 71 of the Complaint, Defendants repeat and reallege the foregoing responses as if fully set forth herein.

72.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.    The allegations contained in Paragraph 73 of the Complaint are legal conclusions to which no response is required.

74.    Deny the allegations contained in Paragraph 74 of the Complaint.

75.    Deny the allegations contained in Paragraph 75 of the Complaint.

76.    Deny the allegations contained in Paragraph 76 of the Complaint.

77.    Deny the allegations contained in Paragraph 77 of the Complaint.

78.    The allegations contained in Paragraph 78 of the Complaint are legal conclusions to which no response is required.

79.    Deny the allegations contained in Paragraph 79 of the Complaint.

80.    Deny the allegations contained in Paragraph 80 of the Complaint.

81.    Deny the allegations contained in Paragraph 81 of the Complaint.

82.    Deny the allegations contained in Paragraph 82 of the Complaint.

83.    Deny the allegations contained in Paragraph 83 of the Complaint.

84.    Deny the allegations contained in Paragraph 84 of the Complaint.

85.    Deny the allegations contained in Paragraph 85 of the Complaint.

86.    Deny the allegations contained in Paragraph 86 of the Complaint.

87.    With respect to Paragraph 87 of the Complaint, Defendants repeat and reallege the foregoing responses as if fully set forth herein.

88.    Deny the allegations contained in Paragraph 88 of the Complaint.

89.    Deny the allegations contained in Paragraph 89 of the Complaint.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

5

91.     With respect to Paragraph 91 of the Complaint, Defendants repeat and reallege the foregoing responses as if fully set forth herein.

92.     Deny the allegations contained in Paragraph 92 of the Complaint.

93.     Deny the allegations contained in Paragraph 93 of the Complaint.

94.     Deny the allegations contained in Paragraph 94 of the Complaint.

95.     Deny the allegations contained in Paragraph 95 of the Complaint.

96.     Deny the allegations contained in Paragraph 96 of the Complaint.

97.     Deny the allegations contained in Paragraph 97 of the Complaint.

98.     Deny the allegations contained in Paragraph 98 of the Complaint.

99.     Deny the allegations contained in Paragraph 99 of the Complaint.

100.    Deny the allegations contained in Paragraph 100 of the Complaint.

101.    Deny the allegations contained in Paragraph 101 of the Complaint.

102.    Deny the allegations contained in Paragraph 102 of the Complaint except admit that plaintiff retained counsel.

## FIRST AFFIRMATIVE DEFENSE

103.    There are no architectural, transportation or communication barriers to individuals with disabilities at the subject property.

## SECOND AFFIRMATIVE DEFENSE

104.    Removal of alleged barriers, the existence of which is denied, would not be readily achievable.

## THIRD AFFIRMATIVE DEFENSE

105.    Removal of alleged barriers, the existence of which is denied, would be structurally impracticable.

## FOURTH AFFIRMATIVE DEFENSE

106.    Removal of alleged barriers, the existence of which is denied, would cause an undue burden on Defendants.

6

## FIFTH AFFIRMATIVE DEFENSE

107.    The cost of altering the path of travel would be disproportionate to the cost of altering the primary function area.

## SIXTH AFFIRMATIVE DEFENSE

108.    The alleged barriers, the existence of which is denied, are subject to conventional building industry tolerances for field conditions.

## SEVENTH AFFIRMATIVE DEFENSE

109.    The requested accommodation is not reasonable.

## EIGHTH AFFIRMATIVE DEFENSE

110.    Plaintiff failed to mitigate her costs and expenses by refusing to conduct an inspection to confirm that the premises are fully accessibility and ADA-compliant.

## NINTH AFFIRMATIVE DEFENSE

111.    Plaintiff lacks standing.

**WHEREFORE**, Defendants Livlong Properties, LP and Barclay School Supplies, Inc. demand that the Court enter judgment:

A.    Dismissing the Complaint;

B.    Awarding costs, expenses and attorneys' fees in favor of Defendants pursuant to 42 U.S.C. § 12205 and Fed. R. Civ. P. 11; and

C.    Granting such other and further relief as the Court deems just and proper.


Dated: New York, New York
        November 30, 2012

                        COZEN O'CONNOR


                        By:_____/s/_____
                            Kenneth G. Roberts (kroberts@cozen.com)
                            Jill L. Mandell (jmandell@cozen.com)
                        45 Broadway
                        New York, NY 10006


7

(212) 509-9400

*Attorneys for Defendants Livlong Properties, LP and Barclay School Supplies, Inc.*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2012, the foregoing document was filed and served

via this Court's electronic filing system upon:

> Adam S. Hanski
> Parker Hanski LLC
> 40 Worth Street, 10th Floor
> New York, NY  10013
> Tel: 212.248.7400
> Fax: 212.248.5600
> ash@parkerhanski.com


and by U.S. Mail, postage prepaid, upon:

> Glen Parker
> Hoey, King Toker & Epstein
> 55 Water Street, 28th Floor
> New York, NY 10041
> Tel: 212.612.4230
> Fax: 212.612.4284


COZEN O'CONNOR

By: _____/s/_____
              Jill L. Mandell

Dated: November 30, 2012

9